IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| | : | |
| GEORGE DANIEL GARNIER | : | BANKRUPTCY NO.: 5-11-bk-01487-JJT |
| JOLLETTE RAE GARNIER, | : | |
| DEBTORS | : | |
| | : | |
| CITIMORTGAGE, INC., | : | {**Nature of Proceeding**: Movant's Motion to |
| MOVANT | : | Compel (Doc. #129) and Respondents' |
| vs. | : | Motion for Contempt, Damages, and |
| | : | Enforcement of Automatic Stay (Doc. #132)} |
| GEORGE DANIEL GARNIER | : | |
| JOLLETTE RAE GARNIER, | : | |
| RESPONDENTS | : | |

# OPINION

Citimortgage, Inc. is a Defendant in a § 506 adversary action brought by the Debtors, George and Jollette Garnier. The litigation has been slow to progress because of numerous discovery and pretrial issues. On September 13, 2013, the parties filed a Stipulation in the main bankruptcy case #5-11-bk-01487-JJT that provided, "[t]he parties agree that Movant's Motion for Relief from Stay shall be placed on hold during the pendency of the Adversary Action." Doc. #108. The Stipulation was subsequently approved by the Court. Doc. #109. Apparently, due to an allegation of unpaid taxes and lapsed property insurance, Citimortgage filed a "Motion to Compel Debtors to Pay 2016 Real Estate Taxes and to Reimburse Citimortgage, Inc. for Prior Escrow Disbursements." Doc. #129. That was met by Debtors' Answer, (Doc. #131), and "Motion for Contempt, Damages, and Enforcement of the Automatic Stay." Doc. #132. The Motions were heard February 23, 2016, after which the matters were taken under advisement.

There is no dispute that the automatic stay is still in place in regard to the Debtors. It is

also unchallenged that Citimortgage has agreed not to pursue relief from the stay until the § 506 challenge has been adjudicated.

In brief, the Motion of Citimortgage asks that the Debtors be compelled to repay postpetition taxes and insurance[1] that the mortgagee had paid under the terms of its note and mortgage with the Debtors and that the Debtors be compelled to pay all property taxes as they become due. Citimortgage is clearly seeking to impose a personal obligation on the Debtors in favor of Citimortgage. Citimortgage points out that the Debtors have breached their agreement under the mortgage to pay taxes and insurance. Citimortgage cites to *In re Rodriguez*, 629 F.3d 136, 138 (3rd Cir. 2010) for the proposition that the automatic stay is not applicable to claims that arise postpetition.

A discharge from an earlier bankruptcy filed by the Garniers removed any personal obligation to Citimortgage that was included as a term of the mortgage. Generally, Citimortgage is limited to acts seeking to obtain payment "in lieu of pursuit of in rem relief." 11 U.S.C. § 524(j).

There is no question that postpetition property taxes (and insurance) are obligations of the Debtors not protected by the automatic stay. *In re Rodriguez*, 629 F.3d 136, 138 (3rd Cir. 2010). In fact, the bankruptcy code provides an exception from the automatic stay to allow a tax lien to attach to the property. 11 U.S.C. § 362(b)(18). Indeed, there is even an option, under limited circumstances, to file a proof of claim should the Debtors be in Chapter 13, which they are. 11 U.S.C. § 1305. It would seem that the only standing Citimortgage has to file this Motion

---

[1] Citimortgage initially asked for reimbursement of some expenses that may have been prepetition, but that portion of the demand was withdrawn at the time of the hearing.

is pursuant to the underlying mortgage which ostensibly requires the Debtors to make certain payments.

Debtors have responded by asking the Court to enforce the Stipulation of September 13, 2013, and for attorney fees and costs. Doc. #131. They have further moved for contempt alleging a violation of the automatic stay. Doc. #132.

Curiously, Citimortgage defends by suggesting that § 1305 of the code provides that a claimant can file a proof of claim for postpetition taxes, and, therefore, Citimortgage's attempt to compel the Debtors to pay property taxes does not violate the automatic stay or the Stipulation. This is an argument that I fail to comprehend inasmuch as proofs of claim are generally filed by claimants otherwise prevented from pursuing a debtor by reason of the automatic stay.

The Debtors' argument that Citimortgage violated a court order which should result in contempt sanctions focuses on the language of the Stipulation. The relevant portion of the Court-approved Stipulation states that "[t]he parties agree that Movant's Motion for Relief from Stay shall be placed on hold during the pendency of the Adversary Action." Doc. #108. The Debtors argue that the Stipulation has been violated, but the fact is that no one disputes that the automatic stay remains in place. Citimortgage simply does not accept that its motion to collect taxes and insurance is such a violation.

In order to prevail on a motion for contempt, "[a] plaintiff must prove three elements by clear and convincing evidence to establish that a party is liable for civil contempt: (1) that a valid order of the court existed; (2) that the defendants had knowledge of the order; and (3) that the defendants disobeyed the order." *Roe v. Operation Rescue*, 54 F.3d 133, 137 (3rd Cir. 1995). There is no dispute that the automatic stay is still in place, and the parties do not argue

otherwise. I see no indication that Citimortgage violated the Court-approved Stipulation by their Motion or their arguments in support thereof.

The earlier bankruptcy of the Debtors resulted in a discharge of their personal liability under the mortgage. *Johnson v. Home State Bank*, 501 U.S. 78, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991). All that remained was Citimortgage's right to proceed against the Debtors *in rem. Id.* at 80 and 2152. This is consistent with the provision that a mortgagee may seek to collect on a financial obligation in lieu of pursuing *in rem* relief without violating the discharge injunction. 11 U.S.C. § 524(j). Nevertheless, this remaining *in rem* action is subject to the second Garnier bankruptcy now pending before me. *Johnson v. Home State Bank*, 501 U.S. 78, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991). The automatic stay of this second bankruptcy would prevent Citimortgage from seeking payments in lieu of pursuing *in rem* relief. To the extent that Citimortgage attempted to be reimbursed for payment of prepetition obligations, the automatic stay was violated. On the other hand, the obligation of the Debtors to pay postpetition property taxes to the taxing entities is not subject to the automatic stay. Such obligation runs with the ownership of the land and does not arise by reason of the mortgage agreement with Citimortgage. The remedy of the mortgagee, Citimortgage, would appear to be limited to foreclosure and not, as here, suing the Debtor for money damages or injunctive relief. However, Pennsylvania case law provides, "a mortgagee who paid taxes to protect his lien or interest in the property might recover the sum so paid from the person who was the owner of the property when the taxes fell due." *Pennsylvania Co. for Insurances on Lives & Granting Annuities v. Bergson,* 307 Pa. 44, 55, 159 A. 32, 35 (1932). To the extent these were postpetition taxes, therefore, Citimortgage's exercise of its subrogation rights in an effort to be repaid is not a violation of the

automatic stay. Of course, conversely, the initial inclusion of a request to be reimbursed for prepetition taxes that were paid by Citimortgage would be a stay violation since, if the collection of taxes against the Debtors by taxing entities was stayed. then Citimortgage can do no better than step into the shoes of the municipality. *Id.*

Accordingly, Citimortgage is within its rights to ask me to compel the Debtors to reimburse it for the payment of postpetition taxes and to compel Debtors to pay all future property taxes and insurances. Frankly, however, the only context in which I recall having exercised such authority was as a form of adequate protection pursuant to a relief from stay hearing under § 362(d). Outside that context, I see no reason why I should act to favor a creditor by granting such relief. For these reasons, I conclude that Citimortgage's Motion to Compel payment of taxes and to reimburse the Movant is without merit and must fail. Debtors' Motion for Contempt for violating the Stipulation is also without merit. I do find that Citimortgage has violated the automatic stay by initially attempting to compel reimbursement of monies paid by Citimortgage toward payment of prepetition property taxes. Of course, the stay does not prevent Citimortgage from requesting suitable escrow arrangements for postpetition obligations. *In re Rodriguez*, 629 F.3d 136 (3rd Cir. 2010).

To summarize, the filing of the Motion to Compel payment of prepetition obligations is in violation of the automatic stay. More specifically, Citimortgage initially asked that the Debtors pay over to Citimortgage reimbursement for pre and postpetition taxes paid by Citimortgage and that the Court compel Debtors to pay future taxes. The attempt to secure payment of prepetition taxes violates § 362(a)(1). Violations of the stay that result in damages are compensable, together with costs and attorney's fees. 11 U.S.C. § 362(k). The issue I have

in identifying damages is that, apart from attorney's fees, the record demonstrates no damages. To Citimortgage's credit, it did withdraw its demand for reimbursement of prepetition taxes at trial, and they did initiate this contested matter in Bankruptcy Court which was likely less traumatic than had Citimortgage utilized the state court machinery. No doubt this minimized the impact on the Debtors. I find that actual damages, apart from attorney's fees, are a necessary requirement of an award. *In re Weisberger*, 205 B.R. 727, 732, 79 A.F.T.R.2d 97-1989 (Bankr. M.D.Pa. 1997), *In re Micro Marketing International*, 150 B.R. 573, 575 (Bankr. M.D.Pa. 1992). Debtors' allegation of suffering "great emotional distress" set forth in Doc. #132 at paragraph 16 was not supported by the record. For that reason, despite a finding that the automatic stay was violated, I award no damages to the Debtors.

      My Order will follow.

By the Court,

*[signature]*

Date: September 2, 2016

John J. Thomas, Bankruptcy Judge

(CMS)