IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| | : | |
| GEORGE DANIEL GARNIER | : | BANKRUPTCY NO.: 5-11-bk-01487-JJT |
| JOLLETTE RAE GARNIER, | : | |
| | : | {**Nature of Proceeding**: Debtors' Objection |
| DEBTORS | : | to Proof of Claim No. 5-3 of CitiMortgage |
| | : | (Doc. #118)} |

**************************************************************************

| | | |
|---|---|---|
| GEORGE DANIEL GARNIER | : | {**Nature of Proceeding**: First Amended |
| PLAINTIFF | : | Complaint - Count I (Doc. #28)} |
| | : | |
| vs. | : | |
| | : | |
| CITIMORTGAGE, INC., | : | |
| DEFENDANT | : | **ADVERSARY NO.: 5-13-ap-00206-JJT** |

# OPINION

This litigation, begun in 2013, was initiated by George and Jollette Garnier, the Debtors, against Citimortgage, Inc., over a mortgage and note originally executed by the male Debtor and subject to a confirmed Chapter 13 plan. The Complaint was Amended on November 26, 2014 changing the Plaintiff to George Daniel Garnier. While the Amended Complaint originally contained five Counts, preliminary rulings resulted in only one Count going to trial on March 28, 2017. That remaining Count asked that I . . .

> ... enter an order declaring the transfer of any ownership interest from United National Mortgage Corporation to Mortgage Electronic Registration Systems, Inc. [MERS] invalid, and void; and further declaring the assignments from Mortgage Electronic Registration Systems, Inc. to CitiMortgage, Inc. invalid and void; and further, declaring the assignment of October 28, 2013 from Flagstar FSB to Citimortgage Inc. is invalid and void, as well as ordering the return of all sums paid by the debtor or on behalf of the debtor to Citimortgage, Inc., together with attorneys fees and costs of suit.

I have heretofore declared invalid the transfer from United to MERS and validated the

transfer from Flagstar to Citimortgage. *In re Garnier*, 565 B.R. 110, 113 (Bankr. M.D.Pa. 2017). What remains, as referenced in their post trial filing (Doc. #145), is the return of 52 payments by the Debtor of $642.11 totaling $33,389.72 from June 10, 2009 until October 28, 2013.

At the time of trial, all the material facts were either stipulated to or submitted through documentation in the form of exhibits. The parties dispute the legal impact of those underlying facts.

It is undisputed that, during all relevant times between 2006 and the trial date, Citimortgage was either the servicer or the mortgagee and had either custody or possession of the underlying note. The Debtor appears to argue that if Citimortgage was merely the custodian of the note while acting as servicer as opposed to the "possessor" of the note, then it did not have the right to receive payments on the note and those payments should be returned to the Debtor. The Debtor argues these payments wrongfully received by Citimortgage date back to June 10, 2009, because that is when the Debtors filed a previous Chapter 7 bankruptcy resulting in a discharge of any personal obligation on the note. Bankruptcy Case No. 5-09-bk-04467-JJT. The Debtor argues that a party with mere custody of a discharged promissory note has no standing to collect on that note. Citimortgage argues that the Debtor is in error because it is the "holder" of the note, as the agent of either the owner or the mortgagee. As a holder, it argues, it has the right and standing to enforce the note, citing to 13 Pa.C.S.A. § 3301(1). Citimortgage further argues that it matters not if it is a custodian or the actual owner citing to UCC comments that even a thief could enforce the note should it retain the note. 13 Pa.C.S.A. § 3203 Comment. Of course, in this case, the thief would have to acquire the mortgage to foreclose since there no longer existed any personal liability on the note due to Debtors' earlier bankruptcy discharge.

[K:\Cathy\Opinions-Orders filed 2017\5-13-ap-00206-JJT_Garnier_Count_I.pdf]]    2

Case 5:11-bk-01487-JJT    Doc 195    Filed 09/28/17    Entered 09/28/17 10:19:37    Desc
Main Document    Page 2 of 3

The Debtor's attempt to rely on the distinction between custodian and possessor is superceded by the application of the Uniform Commercial Code as adopted by the Commonwealth of Pennsylvania. A holder is defined as a person in possession of a negotiable instrument that is payable either to the bearer or the identified person in possession. 13 Pa.C.S.A. § 1201(21)(I). Since there is no dispute that the note was payable to the bearer, it matters not whether Citimortgage is the owner of the note or its agent or simply its custodian. The Debtor's argument that the Federal National Mortgage Association is the "owner" of the note is not determinative since Debtor is simply challenging the right of Citimortgage to receive mortgage payments from 2009 to 2013, and I find that it has that right as holder of the note.

As to Debtors' Objection to Citimortgage's Proof of Claim No. 5-3, I find that the Objection should be sustained inasmuch as the Claim was untimely filed as discussed earlier in *In re Garnier*, 565 B.R. 110, 114 (Bankr. M.D.Pa. 2017)[1].

For these reasons, I find in favor of the Defendant, Citimortgage, Inc., and against the Plaintiff, George Daniel Garnier, as to Count I.

My Order will follow.

By the Court,

Date: September 28, 2017

John J. Thomas, Bankruptcy Judge
(CMP)

---

[1] The claims deadline was July 20, 2011. (Doc. #10 in Case no. 5:11–bk–01487–JJT.)